The Carrollton Savings and Loan Association
of Baltimore City *vs.* Tobias Kerngood, and
others, Garnishees of Emory G. Lee, Garnishee
of Joseph A. King and Mary A. King.

*Practice—Irregular and Regular Entry of a Judgment of Con-*
*demnation—Call of the Appearance Docket.*

A judgment of condemnation on an attachment entered on the docket
by a clerk, in the Clerk's separate office room, out of the Court
room, and out of the presence of the Judge, and without any order
or authority, actual or constructive, from him to make the entry, is
clearly irregular.

Judgments of condemnation *nisi* in cases upon the appearance docket,
where there is no appearance entered for the garnishee, should be
entered on the docket by the clerk, on the call of the appearance
docket on appearance day, in open Court, in the presence of the
Judge.

The orderly and regular call of the appearance docket on the first or
second day of each term is indispensable to the due administration
of justice. The omission to have this done is fruitful not only of
irregularities and difficulties, but of wrong and injustice, and in no
class of cases is that result more liable to follow than in attach-
ments.

Appeal from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before Bartol, C. J., Miller,
Alvey and Robinson, J.

*Victor Smith* and *William Rowland,* for the appellant.

*J. S. Rosenthal* and *William F. Frick,* for the appellees.

Carrollton Sav. & Loan Assoc'n Balto. City *vs.* Kerngood, *et al.* Garn.

MILLER, J., delivered the opinion of the Court.

The appellant in January, 1876, recovered a judgment in the Court of Common Pleas, against King, for the sum of $1120.75, with interest and costs. In June, 1877, an attachment was issued on this judgment which was laid in the hands of Lee, as garnishee, and judgment of condemnation was regularly obtained thereon against Lee. On this latter *judgment of condemnation* an attachment was issued on the 11th of May, 1878, and on the same day the writ was laid in the hands of Kerngood Brothers as garnishees of Lee, and they were duly summoned, the writ being returnable on the 13th of May, the first day of the May term of the Court. It then appears by the *docket entries* in the record, that on the 14th of May, the second day of the term, a judgment of "condemnation *nisi*" was entered against these garnishees, and on this judgment a *fieri facias* was issued at the following September term, and thereupon the garnishees, at that term, moved the Court to strike out the judgment against them and to quash the execution. Upon the hearing of this motion testimony was taken which is set out in the record, and the Court struck out the judgment and quashed the writ. From that action this appeal is taken.

Without deciding whether the law authorizes an attachment by way of execution upon a judgment of condemnation, we have no doubt of the entire correctness of the Court's action in this case. The testimony has satisfied us and is very clear to the point, that the judgment of condemnation on this attachment was entered on the docket, by a clerk in the Clerk's separate office room, out of the court-room, and out of the presence of the Judge, and without any order or authority actual or constructive from him to make the entry. A judgment so entered is clearly irregular. The mistake was no doubt innocently made by the clerk, and was evidently the result of the practice which had for some time prevailed in that Court, of omit-

ting to call the appearance docket at the commencement of each term. The orderly and regular call of this docket on the first or second days of each term, is indispensable to the due administration of justice. The omission to have this done is fruitful not only of irregularities and difficulties, but of wrong and injustice, and in no class of cases is that result more liable to follow, than in attachments where the law allows a judgment of condemnation to be entered against the garnishee, at once upon the return of the writ, if he and the defendant fail to appear and show cause to the contrary. The practice which should be observed in such cases is well stated by Mr. Prevost, the Clerk of the Superior Court in his testimony. In answer to the question as to what is the rule and practice in his Court, in reference to the entries of judgments of condemnation *nisi* in cases upon the appearance docket, where there is no appearance entered for the garnishee, he says: " On appearance day I call the number and names in each case, the name of the counsel for the plaintiff, and the return of the Sheriff, and if the garnishee fails to answer, I call out judgment of condemnation *nisi* against the garnishee, and make the entry immediately on the docket in open Court, in the presence of the Judge, and of course acting as the hand and mouth-piece of the Court." And he further states, that it is the uniform practice in the Superior Court to call the appearance docket regularly through at the beginning of each term. Substantially the same practice as here stated prevails in all the Circuit Courts, and as we have said, its observance is essential to the due and orderly administration of justice.

*Judgment affirmed.*

(Decided 17th June, 1879.)