(Decided 21st April, 1882.)

---

EMORY G. LEE, Garnishee of JOSEPH A. KING and MARY A. KING *vs.* THE CARROLLTON SAVINGS AND LOAN ASSOCIATION OF BALTIMORE.

*Irregular entry of a Judgment of condemnation on an Attachment—Motion to strike out Judgment.*

The entry of a judgment of condemnation on an attachment by a deputy clerk in the Clerk's Office of the Court of Common Pleas, without any order or authority, actual or constructive, from the Judge to make the entry, is irregular, and the judgment so entered without authority of law is void, and the garnishee has the right to file a motion at any time to have it stricken out.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON, IRVING and RITCHIE, J.

*Jacob S. Rosenthal,* and *William F. Frick,* for the appellant.

*Randolph Barton,* and *Skipwith Wilmer,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee, in January, 1876, recovered judgment against King and wife for $1120.75. In June, 1877, an attachment was issued on this judgment, and laid in the hands of the appellant as garnishee; and in September following, judgment of condemnation was entered. On this judgment of condemnation an attachment was issued, and this attachment was laid in the hands of *Kerngood Brothers* as *garnishees of Lee,* and judgment of condemnation was entered against them.

Motion was subsequently filed by Kerngood Brothers to strike out this judgment, and on appeal it was decided that the judgment was properly stricken out, because it was entered by the clerk, in the clerk's office, "without any order or authority, actual or constructive, from the Judge to make the entry." *Kerngood's Case,* 51 *Md.,* 416.

This appeal is from the action of the Court overruling a motion filed by the appellant to strike out the judgment of condemnation against him.

The proof shows that it was not the practice of the Court of Common Pleas of Baltimore City, at the time the judgments of condemnation against Kerngood Brothers and Lee were entered, to call over the appearance docket; and that in all attachment cases to which the garnishees failed to appear, judgments of condemnation were entered by one of the deputy clerks in the clerk's office, without any order or authority from the Court.

Mr. Grindall, chief clerk, testifies that the Kerngood and Lee judgments of condemnation were entered in this manner.

Lee. Garn. *vs.* Carrollton Savings and Loan Asso.

To prove that the judgment against Lee was not thus entered, and not therefore within the ruling in *Kerngood's Case,* the appellee relies upon the affidavit of Mr. Victor Smith, its former attorney, in which he says, he went over to the Court of Common Pleas on the day the dockets were called, to the best of his recollection, and asked the Court if he was entitled to judgment against Lee, to which the Court replied, "*he was,*" and the answer of the Court to the affiant being communicated to one of the clerks "*as he has reason to believe, said judgment was entered up upon the proper book or docket.*"

This testimony, it must be admitted, is not very conclusive or satisfactory as to the mode and manner in which the judgment was entered. The witness does not say that he made a motion for judgment of condemnation, and that upon this motion the clerk was directed by the Court to enter the judgment. Nor does he say that the Court gave any order or direction whatever to the clerk. He merely asked if he was entitled to judgment, and he has reason to believe that the reply of the Court to this inquiry was communicated to one of the deputy clerks.

On the other hand, Mr. Rosenthal, attorney for the appellant testifies, that it was always admitted by Mr. Smith, that no motion for judgment either in Kerngood or Lee's case was made by him, and that such a motion was not only unnecessary but contrary to the established practice of the Court in such cases.

Mr. Grindall, the deputy Court clerk, also testifies that he has no recollection, and to the best of his knowledge no motion was made in the Lee case, nor was any order given by the Court—and that if an order had been given it would appear on the minutes of the Court. Where there is such a conflict in the testimony of witnesses in regard to matters which occurred several years ago, and especially in regard to the mode and manner in which a judgment was entered, it is safer to rely upon the uni-

form practice of the Court at the time the judgment was entered, and the docket entries of the clerk. And so relying we are obliged to say, the proof shows that the judgment of condemnation against the appellant was entered in the same manner and under the same practice, that existed at the time the Kerngood judgment was entered.

If this be so, the only question is whether the appellant's delay and negligence constitute a bar to the motion to strike out the judgment. The attachment was duly served on him, and having failed to appear, judgment of condemnation was entered in September 1877, and the motion to strike out was not filed until September 1878. He does not satisfactorily account for his failure to appear to the attachment suit. He says,, he had forgotten the Court to which he was summoned; that he went to the clerk of the City Court but found no case there, and then he inquired of the clerk of the Criminal Court what he should do, and was advised to go to the sheriff's office, and the deputy there not being able to give him any information, he did not trouble himself further about it. It was his duty to have made inquiry of the clerk of each of the Courts, until he had ascertained the proper Court. And were this a judgment entered by a Court of *competent jurisdiction,* we agree with the Court below that the motion to strike out the judgment ought to be overruled. But the record shows that the entry of judgment was made by a deputy clerk in the clerk's office, *without any order or authority actual or constructive from the Court to make the entry.* A judgment so entered by a clerk is not a binding judgment. It is a judgment entered without authority of the law, and therefore void, and as such the appellant has the right to file a motion at any time to have it stricken out.

For these reasons, the order of the Court overruling the motion must be reversed, and the cause remanded, in

order that the judgment of condemnation may be stricken out, and the case brought up by regular continuances.

*Order reversed, and*
*cause remanded.*

