BOWDEN *et al. vs.* TAYLOR.

1. Where suit was brought in a justice's court on a bond given for the forthcoming of certain property, which had been levied on by execution, to which illegality was filed by the principals in the bond, the amount of which was $300, but the amount sued for was less than $100, the suit was within the jurisdiction of the court.
2. Where the property was levied on by the constable, and defendants regained possession of it by giving the bond sued on, if there was a misdescription in the bond of the date of the levy and the articles levied on, defendants ought not be allowed to take advantage of it.
3. The only legal way to prove proceedings of the superior court is by an extract from the minutes of that court duly certified by its clerk. Hence it was error to admit in evidence an order dismissing the illegality which purported to be the original order bearing the genuine signature of the judge who granted it.
(a) There being, therefore, no proof that the affidavit of illegality had been disposed of, the plaintiff was not entitled to recover in a suit on the forthcoming bond.
4. Evidence of the constable that the property levied on had been advertised for sale, and that the *fi. fa.* had not been paid by the de, fendants, was admissible. To show a breach of bond, it was necessary to show that the property had been advertised for sale and had not been produced.
5. As the case goes back for a new trial, it is unnecessary to go into a close calculation as to the amount found to be due. There is no evidence authorizing a judgment for attorneys' fees.
6. It is the proper practice for a justice of the peace not only to render, but to write out his judgment at the court-ground before he adjourns his court.

April 25, 1888.

Justice courts. Jurisdiction. Forthcoming bond. Evidence. Practice. Before Judge RICHARD H. CLARK. Dekalb superior court. August term, 1887.

On October 7th, 1884, a *fi. fa.* from a justice's court, in favor of "Grafflin, treasurer," against W. T. Bowden and A. C. Bowden, was levied by J. H. Taylor, L. C., upon certain corn, fodder and cotton, the levy not stating to whom the property belonged. A. C. Bowden interposed an affidavit of illegality, and gave a forthcoming bond in the penalty of $300, payable to the levying officer, with F. M. Clayton as surety. The bond recited the levy in the same terms as the entry thereof on the *fi. fa.*, except that it represented the date as the 18th instead of the 7th of October, and described the cotton as 3,000 pounds of seed-cotton in the field, instead of 200 pounds of cotton in the seed. It described the plaintiff in *fi. fa.* as "George W. Groflin, T."

Upon this bond the obligee, as former constable, brought suit against the obligors, in the justice's court of the district from which the *fi. fa.* issued, to recover the amount due on the *fi. fa.*, the same being less than $100, and future accruing interest. The defendants pleaded not indebted. At the trial, counsel for defendants asked that the J. P. of the district preside, as they desired to use the notary-magistrate before whom the suit was brought, as a witness. By consent of parties and the court both magistrates presided.

The defendants moved to dismiss the case for want of jurisdiction, the bond being for $300. The motion was denied. They objected to receiving the *fi. fa.* in evidence, because it did not show in whose favor it issued, and because of variance between the *fi. fa.* and the bond as to the date of the levy and the description of the property. They objected to receiving in evidence an order of the superior court dismissing the illegality,

the grounds of this objection being that the order purported to be the original and not a certified copy, and that it was illegal and irrelevant. The objections were all overruled and the documents admitted, the court recognizing the signature of the judge of the superior court to the order as genuine.

Evidence was admitted, over the objections of defendants (the ground or grounds not stated except in general terms that it was illegal and immaterial), showing that the property was advertised for sale by the plaintiff's successor in office as constable, that it was not forthcoming, and that the *fi. fa.* was unpaid. The court gave judgment for the plaintiff for the amount sued for, with ten per cent. on the principal in addition for attorney's fees, making an entry at the time on the docket of "judgment for the plaintiff," but not writing out the judgment until after the notary-magistrate left the court-ground and returned to his home, where he wrote out the judgment in detail, the total thereof being less than $100.00.

The defendants carried the case to the superior court by *certiorari*, the errors assigned in their petition, making the following questions: (1) Wh etherthe justice's court had jurisdiction; (2) whether the bond, the *fi. fa.* and the order dismissing the illegality were admissible in evidence; (3) whether the evidence objected to on grounds not specifically stated was admissible; (4) whether the judgment was for the proper amount, and rendered at the proper place.

The superior court dismissed the *certiorari*, and this is the judgment of that court complained of.

W. J. & J. R. ALBERT, for plaintiffs in error.

H. C. JONES and ALEXANDER & TURNBULL, *contra.*

SIMMONS, Justice.

1. It will be seen, by reference to the report of this case, that four points were insisted on in the *certiorari* in the court below, for a reversal of the judgment of the magistrate. An execution had been issued and illegality filed by the plaintiffs in *certiorari* (the plaintiffs in error here), and a forthcoming bond for the amount of $300 given. The illegality, as claimed, having been dismissed, suit was brought in the justice's court on the forthcoming bond. The first point made is, that the magistrate had no jurisdiction, because the bond was for $300 in amount. A motion was made to dismiss it on that ground. The magistrate overruled the motion, and the court below sustained the ruling of the magistrate. We think the court did right. While the suit was brought on the bond for $300, the amount sued for in the justice's court was less than $100, and not for $300, the full amount of the bond. This being true, of course it was not over the jurisdiction of the justice's court.

2. Pending the trial in the magistrate's court, the bond and the original *fi. fa.*, to which the illegality had been filed, were offered in evidence and objected to by the defendants on the ground of variance between the levy recited in the bond and the date thereof, and the levy as entered on the *fi. fa.* and the date thereof. We do not think there is any merit in this objection. The property was levied on by the constable, and the defendants replevied it and took it into their possession by giving the bond sued on; and if there was a misdescription of the date of the levy and of the articles levied on in the bond, we do not think they ought to be allowed to take advantage of it, as it was their act and not the plaintiff's. We therefore hold that the court committed no error in overruling these points.

3. The plaintiff in the justice's court offered in evi-

dence an original order of the judge of the superior court to prove the fact that the illegality to this *fi. fa.* had been dismissed by the judge of the superior court. This was objected to by the defendant on the ground that if there was such an order, there should be a certified copy thereof taken from the minutes of the court, and not the original paper itself. We think this ground was well-taken, and that the court below should have remanded the case for a new trial on this ground. The only legal way to prove the proceedings in the superior court is by an extract from the minutes of that court, duly certified by the clerk thereof. While it is doubtless true that the order offered in evidence bore the genuine signature of the judge who granted it, yet it was not sufficient to show that it was passed during the term of the court and made the judgment of the court. It may have been signed by the judge and yet may not have been the judgment of the court; and as said before, the only legal way to prove that it was a judgment of the court was an extract from the minutes of that court duly certified by the clerk. Code, §§3816 and 3817; *Bigham vs. Coleman,* 71 *Ga.* 176. There being, therefore, no legal proof that the affidavit of illegality had been disposed of in the superior court, the plaintiff was not entitled to recover in a suit on this bond. He could only recover when the affidavit had been disposed of in the superior court against the defendant, and the defendant had failed to produce the property at the time of the sale. So far as the legal proof in this case shows, the illegality may still be pending in the superior court.

4. The next point in the *certiorari* was an objection to the evidence of the constable to the effect that the property levied on had been advertised, and that the *fi. fa.* had never been paid by the defendants. We think

this evidence was admissible. It was incumbent on the plaintiff to show to the court, before he was entitled to recover on his bond, that there had been a breach of the bond. In order to show that, it was necessary to prove that the property described in the bond had been advertised for sale, and had not been produced in accordance with the forthcoming bond. The evidence of the attorney in the case was irrelevant, but did no harm to the defendants. There was no error, therefore, in admitting this testimony.

5. The 4th ground insisted on in the *certiorari* was, that the judgment was not for the proper amount, and was not rendered at the proper place. The plaintiff in error insists that the judgment for the interest and costs was for too much. As the case is to go back for a new trial, we deem it unnecessary to enter into a close calculation as to the amount of interest and costs. If the amount is too large, we presume the magistrate will correct it at the next trial. As to the attorneys' fees, we see no evidence in the record of this case to authorize a judgment for the attorneys' fees.

6. As to the judgment being rendered at the wrong place, we say that we think that the better and proper practice is for the justice not only to render but to write out his judgment at the court-ground before he adjourns his court.

Judgment reversed.