## BELT *v.* THE STATE.

1. An indictment lies under section 191 of the Penal Code against any bailee violating its provisions, though he may not be a "factor, commission merchant, warehouse-keeper, wharfinger, wagoner, stage-driver, or common carrier on land or water."

103  12
105  621
105  847

103  12
f112 638

103  12
113  968

103  12
117 252

2. There was no error in refusing to allow the accused to introduce in evidence the original record of a civil action by the prosecutor against the accused, in another court, for the recovery of the property in question.

3. The defense being that the property described in the indictment had not been intrusted to the keeping of the accused as a bailment, but that the same had been loaned to him by the prosecutor for the purpose of enabling him to hypothecate it for his own use, and the accused in his statement having so alleged, it was not improper for the solicitor-general, in his argument to the jury, to comment on evidence showing conduct on the part of the accused evincing bad faith toward the prosecutor in the transaction under investigation, whether such conduct constituted guilt of the crime charged or not. Such argument was legitimate as suggesting a reason for discrediting the statement in so far as it conflicted with the sworn testimony in the case.

4. While this is true, and though the court clearly and distinctly charged the jury that if the transaction between the prosecutor and the accused was a loan of property for the purpose of enabling the accused to use the same in his own business and not a bailment for the benefit of the prosecutor, they could not find the accused guilty, yet as this was a close case, it was erroneous to refuse to further instruct the jury that this would be true "however reprehensible his conduct may have been in borrowing and failing to pay, for that would only constitute a matter of debt between them, with which you have nothing to do"; there being a written request, presented in due time, that this additional instruction be given to the jury.

5. An admission by the prosecutor is not admissible as original evidence for the accused in a criminal trial. It may, however, if relating to a material matter, be received for the purpose of impeaching the prosecutor, if the latter has testified as a witness and the foundation for introducing the admission has been properly laid.

6. While the newly discovered evidence, under the rule above announced, was merely of an impeaching character, the ground of the motion for a new trial based thereon is, in view of what is above laid down, entitled to some consideration in determining whether not the accused should have another hearing.

Argued October 12, 13, — Decided November 15, 1897.

Indictment for larceny after trust. Before Judge Callaway. Burke superior court. April term, 1897.

The indictment charged, that C. T. Belt, being intrusted by Bettie A. Peel with the possession of three City of Augusta bonds of the value of $300, for the purpose of keeping them and preventing them from being stolen or burned, by putting them in his safe, and for the purpose of turning them over to her when she should ask for them, did convert them to his own use and fail and refuse to deliver them on demand or to pay her the market price thereof on demand. The prosecutrix testified

in support of the indictment. The defense was, that she had not made a bailment of the bonds to defendant as charged, but had simply loaned them to him in order that he might hypothecate them to raise money for his own uses, his undertaking being only to redeem the bonds, which he was to pledge and did pledge as collateral, and to restore them to her; and that the claim that there was anything criminal in his conduct was an afterthought, etc. The jury found the defendant guilty. He moved for a new trial, which was denied, and he excepted. The motion alleges, in addition to the general grounds: (1) That the court erred in giving in charge to the jury as the law of the case section 191 of the Penal Code. (2) Error in refusing to admit in evidence for defendant the record of a suit brought in the county court by the prosecutrix against the defendant, for money loaned and the value of the three City of Augusta bonds, together with the judgment rendered for the plaintiff in said suit. (3) The solicitor-general, in concluding the argument to the jury, dwelt at length upon the idea that defendant, even by his own statement, had committed a great wrong upon a poor unprotected woman; that under fair promises he had not only borrowed all the money she had, but, not content with this, he borrowed her bonds also, leaving her in abject poverty and want, and had made no offer to repay her; thus exciting the prejudice of the jury and leading them away from the real issue, which argument was made without reproof or correction by the court. The trial judge states that this argument was made solely in reply to that of counsel for defendant, who charged that the prosecution was a case of blackmailing. (4) Error in refusing to charge, as requested: "I charge you that if you believe from the evidence that the bonds were loaned to the defendant, you can not find him guilty of the offense charged in the indictment, however reprehensible his conduct may have been in borrowing and failing to pay, for that would only constitute a matter of debt between them, with which you have nothing to do." (5) Because of newly discovered evidence tending to prove statements by the prosecutrix to two witnesses, to the effect that she had loaned the bonds to defendant to raise money

on, he promising to return them in the following autumn, and she trusting in his honor, but that he had never returned them or paid her for them, though she had frequently asked him to do so.

*Johnston & Brinson* and *T. M. Berrien*, for plaintiff in error.

*W. H. Davis, solicitor-general,* by *Anderson, Felder & Davis,* contra.

FISH, J. The accused, C. T. Belt, was convicted of the offense of larceny after a trust; and his motion for a new trial being overruled, he excepted.

1. It was not error for the trial judge to charge section 191 of the Penal Code as the law applicable to the case, as it was decided in *Cody* v. *State,* 100 *Ga.* 105, that the words "any other bailee," as used in such section, properly construed, mean any bailee, whether he be of the classes enumerated or not, with whom any money or any other thing of value may be intrusted or deposited, and that what was said to the contrary by Lumpkin, J., in *Sanders* v. *State,* 86 *Ga.* 717, was obiter.

2. Nor was there error in refusing to allow the accused to introduce in evidence the original declaration and the judgment thereon for the plaintiff, in an action by the prosecutrix against the accused, in the county court, for the recovery of the value of the bonds alleged to have been converted by him. Section 5211 of the Civil Code provides that: "The certificate or attestation of any public officer, either of this State or any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in their respective offices, or pertaining thereto, to admit the same in evidence in any court of this State." And section 5212 says: "Such exemplifications shall be primary evidence as to all records or other things required by law to remain in such offices, but only secondary evidence as to such documents as by law properly remain in the custody of the party." The declaration offered in evidence was a paper of file in the office of the clerk of the county court and required by law to be kept there. The judgment founded on the declaration was of record in such court. Therefore, accord-

ing to the sections of the code above quoted, properly certified copies of such declaration and judgment were *primary* evidence, that is, the best evidence that the nature of the case admitted of; such evidence as was required in the first instance, and which must have been inaccessible to the diligence of the party before any secondary evidence could have been admitted. The original declaration and judgment were only secondary evidence and were not admissible. *Bigham* v. *Coleman*, 71 *Ga.* 176; *Bowden* v. *Taylor*, 81 *Ga.* 199; *Blount* v. *Bowne*, 82 *Ga.* 346. If the evidence offered was inadmissible, it does not matter upon what ground it was excluded.

3, 4. The correctness of the conclusions stated in the third and fourth headnotes is sufficiently obvious without further elaboration. See *Thompson* v. *Thompson*, 77 *Ga.* 692; *Metropolitan Street R. R. Co.* v. *Johnson*, 90 *Ga.* 500.

5, 6. Counsel for plaintiff in error earnestly contended that the trial judge erred in refusing to grant a new trial on account of the newly discovered evidence of Sharp and Davis, who made affidavits that the prosecutrix had told them, long before the indictment was found, that she had loaned the bonds to the accused for him to borrow money on. The rule that statements or admissions made by a party to the record are admissible against himself, does not apply so as to make these alleged statements of the prosecutrix competent, original evidence for the accused. *Ratteree* v. *State*, 53 *Ga.* 573; Gillett on Indirect and Collateral Evidence, § 229, citing 12 Allen, 535, and 38 La. Ann. 381. If the proper foundation had been laid, however, these alleged contradictory statements of the prosecutrix would have been admissible for the purpose of impeaching her as a witness in the case. And while the newly discovered evidence was merely of an impeaching character, yet we think the ground of the motion for a new trial based thereon is, in view of what is above laid down, entitled to some consideration in determining whether or not the accused should have another hearing.

*Judgment reversed. All the Justices concurring.*