[No. 6285.]

## DOCKSTADER V. THE PEOPLE.

1. **Practice in Criminal Cases—Former Jeopardy—Plea—Demurrer.**

    Where a plea of former jeopardy is demurred to, in determining the demurrer, all statements in the plea must be accepted as true.—P. 440.

2. **Practice in Criminal Cases—Former Jeopardy — Plea — Trial by Jury.**

    The court cannot overrule a plea of former jeopardy because, from facts within its own knowledge, the averments are untrue, but the issues must be submitted to a jury.—P. 440.

3. **Practice in Criminal Cases—Former Jeopardy—Plea—Question of Fact.**

    A plea of former jeopardy, alleging that, on a former trial of defendant on the same information, the jury was arbitrarily discharged without defendant's consent before the end of the term without any imperious or actual necessity or warrant of law existing therefor, and that there was no judgment appearing in the records of the court in relation to the discharge of

the jury except an unauthorized minute voluntarily and without direction of the court made by the deputy clerk, is not subject to demurrer, but raises an issue of fact requiring a trial.—P. 440.

4. **Practice in Criminal Cases—Orders—Entry by Clerk—Validity.**

A minute entry by a deputy clerk on the record of a criminal prosecution, without an order of court, that the jury, being unable to agree, were discharged, and that the trial was continued to the next term, is unauthorized and ineffective for any purpose.—P. 440.

*Error to the District Court of El Paso County.*
*Hon. James Owen, Judge.*

P. C. Dockstader was convicted of an offense, and he brings error.          *Reversed, with directions.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MAXWELL not participating.

Mr. CHAS. H. DUDLEY, Messrs. ORR & CUNNINGHAM and Mr. C. M. HAWKINS, for plaintiff in error.

Mr. WM. H. DICKSON, attorney general, and Mr. S. H. THOMPSON, Jr., assistant attorney general, for the people.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The second trial of the defendant resulted in his conviction, and he was sentenced to a term in the penitentiary. He has alleged fifty-two assignments of error. We shall consider but one, that relating to the alleged error of the court in sustaining a demurrer to the plea of former jeopardy. The plea declares, in substance, that on the 10th day of May, 1907, the defendant was regularly arraigned and entered his plea of not guilty to the information and all the counts thereof upon which he was about to be tried; that on the 11th day of May, 1907, a jury was regularly impaneled and sworn to try the issues between the people and the defendant, and that at

the conclusion of the testimony the district attorney elected to stand upon the second and third counts of the information; and further that; "upon the trial of said cause said jury was on, to wit, the 17th day of May, 1907, and three days before the end of the term of said court in which said trial was had, and without the consent of this defendant, arbitrarily discharged by the court, before said jury had reached or announced an agreement or verdict in said cause, and said jury were discharged so as aforesaid without any physical, imperious or actual necessity or warrant in law appearing or existing therefor, and without any judgment or finding of the court being made, announced or entered of record by the court adjudging or declaring that any necessity, either physical, imperious or actual, or any warrant in law appeared or existed for the discharge of said jury at said time, and that the sole and only record then made or now appearing upon the records of this court in relation to said discharge was and is an unauthorized minute, voluntarily and without direction by said court made by the deputy clerk of this court, which is in words and figures, to wit: 'May 17, 1907. No. 4582. *The People v. P. C. Dockstader.* Jury unable to agree. Discharged and trial of this cause continued to next term.' "

To this plea the people interposed a demurrer, in substance as follows: That the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law to bar or preclude the said people of said state from prosecuting the said information against him, the said Dockstader, and that the people are not bound by the law or the court to answer the same.

This demurrer was, on the 18th day of June, 1907, sustained, and the defendant was upon said day again tried.

By the demurrer the statements contained in the plea are admitted, and we must accept as true the statements, which are that upon a former trial of the defendant upon the same information the jury was arbitrarily discharged, without the consent of the defendant and without any imperious or actual necessity or warrant of law existing therefor, and that there is no judgment appearing in the records of the court in relation to the discharge of said jury except an unauthorized minute, voluntarily and without direction of said court, made by the deputy clerk of the court.

If the jury that first tried the defendant was discharged before the end of the term and without the defendant's consent, and when there was no necessity therefor, the defendant was entitled to his discharge. The order of the court discharging the jury is set forth in the supplemental abstract, wherein it appears that the jury, after having considered the case for two whole days, was discharged by the judge because he was satisfied that the jury could not reach a verdict; but we cannot consider this order. It was admitted by the people that no such order was made by the court. We have held in the case *Kinkle v. People,* 27 Colo. 459, that the court cannot overrule a plea of former jeopardy because, from facts within its own knowledge, the averments are untrue, and that the issue must be submitted to the jury. Upon the authority of that case we must reverse this judgment.

It is to be regretted that a defendant convicted of so shocking an offense should be granted a new trial because of the failure of the court to observe a rule of practice, but we must respect the rights of the defendant. The rule that a plea of former jeopardy raises an issue of fact which must be tried by a jury is well established, not only by the deci-

sion of this court, but by the great weight of authority.

It is therefore ordered that the judgment be reversed, with directions to the district court to over-rule the demurrer to the plea of former jeopardy and for such other proceedings as may be taken in accordance with this opinion.　　　　　　*Reversed.*

Decision *en banc.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MAXWELL not participating.