GEORGIA ENGINEERING & CONSTRUCTION CO. *v.* HORTON & SMITH.

LUMPKIN, J.   1. There was no error in overruling the demurrer to the plaintiff's petition, based on the ground that the contract was one within the statute of frauds and was not alleged to have been in writing. *Mobley* v. *Lott*, 127 *Ga.* 572.

2. Where a petition alleged that the plaintiffs sold lumber to a corporation of the county where the suit was brought, at a certain price and to be delivered at certain times, and sought to recover judgment for damages on account of a breach of the contract arising from a refusal to re-

ceive the lumber sold, it was not subject to special demurrer on the ground that it did not allege the name of the officer or agent of the defendant with whom the contract was made. 5 Enc. Pl. & Pr. 92, and notes; *Pierce* v. *Seaboard Air-Line Ry.*, 122 *Ga.* 664, 667-669 (50 S. E. 468); *Augusta Ry. Co.* v. *Andrews*, 92 *Ga.* 706, 710, 712 (19 S. E. 713); 31 Cyc. 1626, and notes.

(a) In *Cherokee Mills* v. *Gate City Cotton Mills*, 122 *Ga.* 268 (50 S. E. 82), it was alleged that the plaintiff, a corporation, conducted certain negotiations "through its proper officers," and that the plaintiff called on the defendant corporation, "through its proper officers," to make good the contract, and the defendant's officers were charged with bad faith, and attorney's fees claimed on that account. It was held that, on special demurrer, it should be stated what "proper officers" were meant.

3. On the trial of a case in the superior court, it was error to admit in evidence, over objection, an extract from an original brief of evidence prepared by counsel and approved by the judge of a city court of the same county, and used on the hearing of a motion for a new trial in a case in that court between the same parties. Original records of one court are not ordinarily admissible in evidence in a different court as proof of their contents. A certified copy of such brief, not the original, was the proper evidence to show what a witness testified on that trial, if such evidence was otherwise competent. Civil Code, § 5212; *Bell* v. *State*, 103 *Ga.* 12 (29 S. E. 451); *Cramer & Co.* v. *Truitt*, 113 *Ga.* 967 (39 S. E. 459).

4. There was no error requiring a new trial in rejecting by-laws of the defendant corporation declaring the general powers of the board of directors and the general duties of the president. The question in issue was whether an agent of the company, whose agency was recognized and not denied, had authority to bind the company by a purchase of lumber on certain terms, and whether he made the trade as contended; or, if he did not have such authority, whether, if he made the trade, his act was ratified. The evidence showed that the person who was president was also general manager.

5. If there were any inadvertences of expression in the charges complained of, they affect the accuracy of statement rather than the correctness of the principles announced. They will not probably occur again, and require no extended discussion. None of the other rulings in regard to the admission or rejection of evidence were such as to require a new trial, when considered in connection with the entire evidence.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

AUGUST 12, 1910.

Action for breach of contract. Before Judge Wright. Floyd superior court. August 2, 1909.

*Lipscomb, Willingham & Doyal* and *Dean & Dean,* for plaintiff in error. *M. B. Eubanks,* contra.