7897. ATLANTIC COAST LINE RAILROAD CO. *v.* BURROUGHS.

WADE, C. J. 1. The error assigned in the bill of exceptions, upon the overruling of the special demurrer raising the objection "that certain and particular officers, agents, and employees of the defendant company who it is alleged had knowledge of the facts set forth in the petition are not named or otherwise described, so as to inform this defendant who said officers, agents, and employees were," does not definitely appear to be insisted upon in the brief of counsel for the plaintiff in er-

ror. The point has, however, been precisely ruled by the Supreme Court. "If a declaration alleges with sufficient specification negligence on the part of the defendant and its agents or employees, and in what such negligence consisted and when it occurred, it is not necessary to set out the names of the particular agents or employees alleged to have committed it." *South Ga. Ry. Co.* v. *Ryals*, 123 *Ga.* 330 (51 S. E. 428). See also *Pierce* v. *Seaboard Air-Line Railway*, 122 *Ga.* 664 (2) (50 S. E. 468); *Georgia Engineering &c. Co.* v. *Horton*, 135 *Ga.* 58 (2) (68 S. E. 794).

2. In view of the allegations in the petition as to the frequent use of the railroad-track by pedestrians as a pathway at the particular place where the injury occurred, and that this use had extended over a long period of time with the knowledge of the railroad company, its agents and employees, it would be for determination by a jury whether or not the use of the pathway was such as would require the company to anticipate the presence of pedestrians on the track, and, if so, whether the company exercised ordinary care to avoid injury to the plaintiff on the track at that place. See *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644 (43 S. E. 39); *Shaw* v. *Georgia Railroad*, 127 *Ga.* 8, 11, 12, 13 (55 S. E. 960); *Atlantic Coast Line Railroad Co.* v. *Adams*, 7 *Ga. App.* 146 (66 S. E. 494); *Williams* v. *Southern Railway Co.*, 11 *Ga. App.* 305 (75 S. E. 572). The trial judge therefore did not err in overruling the general demurrer to the petition.

*Judgment affirmed. George and Luke, JJ., concur.*

Decided June 14, 1917.

Action for damages; from city court of Savannah—Judge Freeman. October 3, 1916.

From the petition it appears, that Thirty-third street and Thirty-fourth street in the city of Savannah are crossed at right angles by the right of way of the defendant railroad company, on which are three parallel lines of tracks, with paths and private ways on and between them along the right of way, which for more than twenty years have been used by pedestrians; that this part of the city is thickly settled, and a great number of people use the paths on the right of way and the path crossing at Thirty-fourth street, where there is a regularly established path across the right of way; "and these facts were and are known to the railroad company, its agents and employees;" that the plaintiff, in going to her work, went upon the right of way at Thirty-third street, and, as she was walking southwardly towards Thirty-fourth street, in the path between the middle and the westerly track, a freight-train going north on the middle track passed on her left, making considerable noise and attracting her attention so that an approaching shuttle train back of her on the westernmost track did not at-

tract her attention and she did not look behind; that in order to avoid the freight-train she stepped upon the westernmost track, on cross-ties east of the easternmost rail, and walked down the track in this manner towards Thirty-fourth street, and as she turned to cross the track at Thirty-fourth street she was struck by the shuttle train and injured in a manner described. It is alleged, that the train that struck her was without a fireman to keep watch for pedestrians on the right of way so used as a path; that the engineer of the train did not ring any bell or blow any whistle; that if the fireman had been on the engine he could have seen the plaintiff when she got upon the track and as she was walking down the track, which was for a period of three or four minutes; that he would have had ample opportunity to stop the train and avoid striking her, for she was in plain view of any one looking from the left side of the engine; and that it was the duty of the defendant to have a fireman on this train; that the defendant had no watchman on the train or the tracks to look out for pedestrians. It is alleged that the plaintiff's injuries were occasioned by the negligence of the defendant: (a) in failing to have a fireman on the engine, who could have maintained a lookout on the left side for pedestrians in the position of the plaintiff; (b) in not anticipating pedestrians on the tracks at the place mentioned and the place where the plaintiff was; (c) in not anticipating the presence of pedestrians on the track where the plaintiff was and in failing to ring a bell, blow a whistle, or sound a warning as the train approached; (d) in not keeping a watchman stationed at that place to warn pedestrians of the approach of trains, the defendant being bound in law to anticipate the presence of pedestrians at that place; (e) and in the failure of the engineer to stop the engine and thereby avoid striking the plaintiff.

The defendant demurred generally and specially, and, to meet the special ground of demurrer stated in the foregoing decision, the allegation that the facts stated as to the use of the right of way by pedestrians were known to the railroad company, "its agents and employees," was amended by adding: "that is, the agents and employees of the railroad company in charge of the operation of said shuttle train, and all of the agents and employees of said company having charge of the roadbed and right of way of said company at this place, and all of the said agents and em-

ployees of said railroad company having charge of the operation of trains of said company over said right of way. The names of these agents and employees this plaintiff does not know."

· *P. W. Meldrim,* for plaintiff in error. *D. S. Atkinson,* contra.