## 15035.   WALKER v. CITY OF CAIRO.

BROYLES, C. J.   1. The motion to dismiss the exceptions pendente lite is denied.

2. Where this court delivers an opinion with headnotes by the court, the headnotes are not to be considered alone as showing what is decided, but the headnotes and opinion are to be taken together. *Frazier* v. *State*, 15 *Ga. App.* 366 (83 S. E. 273).

3. The decision of this court previously rendered in this case (27 *Ga. App.* 323), properly construed, was that the 5th ground of the affidavit of illegality was not subject to general demurrer, and, therefore, the trial court erred in sustaining the general demurrer to the entire affidavit of illegality and in dismissing it. This court did not pass upon the question whether other grounds of the illegality were subject to general demurrer, and the trial court, upon making the judgment of this court the judgment of the superior court, properly so construed the judgment of this court. And, under the facts of the case, the trial court did not err in overruling the general demurrer to ground 5 of the affidavit of illegality and in sustaining the general demurrer to the other grounds of the affidavit.

4. Under the particular facts of the case the court did not err in directing a verdict for the plaintiff in fi. fa., or in thereafter overruling the motion for a new trial.

                    *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 5, 1923.   REHEARING DENIED JANUARY 16, 1924.

Affidavit of illegality of execution; from Grady superior court— Judge Custer.   August 11, 1923.

*S. P. Cain,* for plaintiff in error.

*Pope & Bennet, Jeff A. Pope,* contra.

### ON MOTION FOR REHEARING.

BROYLES, C. J.   It is contended by counsel for the plaintiff in error in his motion for a rehearing that when the trial judge, on the first hearing of this case, sustained the general demurrers to the affidavit of illegality, he at the same time overruled the special demurrers interposed thereto, and that this ruling "became the law of the case and could not be later set aside on a general demurrer, motion to dismiss or otherwise," and, therefore, "that when the court entered an order overruling the demurrers numbered 11, 12, and 15, it necessarily adjudicated that the facts set up in paragraphs 2, 3, and 6 [of the affidavit of illegality] were relevant, material, and set up defensive matter." We agree with the contention of counsel that the judgment overruling the special demurrers became the law of the case, but we do not agree with counsel's assumption that the demurrers numbered 11, 12, and 15 were

*special* demurrers, or that they were so considered by the judge when he passed the order overruling "the special demurrers."

After a careful consideration of all the grounds of the motion for a rehearing we find no good or sufficient reason for granting the same.

*Rehearing denied.   Luke and Bloodworth, JJ., concur.*