## WATERS *v.* DONALDSON, guardian.

BECK, Presiding Justice. This suit as originally brought was against Waters and Thigpen. By amendment Thigpen was stricken. Waters was a non-resident of the State. The prayer in the original petition was for recovery of $1,000 as rents and profits from described land; but by amendment, which sought a recovery of the land, it was converted into a suit for land. *Held:*

1. The superior court of the county in which the land is located had jurisdiction of the case, the non-resident defendant having been served by publication.
2. The following words in a deed by a husband to his wife, which it is material for the court to construe, to wit: "gives, grants, and conveys unto" the grantor's wife "and her heirs at her death," conveyed to the wife a life-estate, with remainder to her children. The court properly held that the words "at her death," used in the deed, meant the same as "after her death," and that the word "heirs" meant children. In *Burch* v. *King*, 14 *Ga. App.* 153 (80 S. E. 664), it was held: "A deed conveying land to B 'and the heirs of her body after her death,' to have and to hold the land to the said B, 'her heirs and assigns, in fee simple,' conveys a life-estate to B, with remainder over to the heirs of her body." And in *King* v. *McDuffie*, 144 *Ga.* 318 (87 S. E. 22), this court held: "Under the Civil Code (1910), § 3661, a deed to a woman 'and the heirs of her body after her death' conveys a life-estate to the first taker, with a remainder over to her children." In view of what is said above, the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 11820. MAY 18, 1937.

*Fred T. Lanier,* for plaintiff in error.
*D. C. Jones* and *J. M. Murphy,* contra.