MALSBY *v.* SIMMONS MANUFACTURING COMPANY.

No. 13494. JANUARY 16, 1941.

478

*Reynolds & Brandon* and *Roy S. Drennan,* for plaintiff.

*D. R. Cumming* and *Joseph R. Cumming,* for defendant.

ATKINSON, Presiding Justice. An action was instituted in Spalding superior court by an alleged creditor against a non-resident corporation, seeking judgment for the amount of the plaintiff's demand, appointment of a receiver, and marshaling the assets of the defendant, to enable the plaintiff to collect his debt. It was alleged in the petition: "That the defendant has no office, place of business, or agent, in the State of Georgia upon whom service may be perfected, but is doing business *throughout the State of Georgia,* said business being in the nature of merchandise sold to various parties within the State of Georgia, said merchandise being shipped by the defendant to said parties on open account, and such parties are constantly indebted to the defendant in various sums." *Held:*

1. Construing the petition, as it must be, most strongly against the plaintiff, the allegation of sales "throughout the State of Georgia," considered with its context, is not an allegation that any such sales were made in Spalding County, or that the situs of any debt by purchasers from defendant was in Spalding County. See *Harris* v. *Palmore,* 74 *Ga.* 273; *Lowe* v. *Mann,* 74 *Ga.* 387; *Waters* v. *Donaldson,* 184 *Ga.* 450 (191 S. E. 429); *Hale* v. *Turner,* 185 *Ga.* 516 (2) (195 S. E. 423), and cit. This result is not opposed to the provisions of the Code, § 81-205, which declares: "Where any non-resident or person unknown shall claim or own title to or an interest, present or contingent, in any real or personal property in this State, service on such non-resident or unknown owner or claimant may be made by publication in cases affecting such property where proceedings are brought. . . Where a non-resident or person unknown has or may have or may claim a present, future, or contingent interest in any property in this State."

2. There being no allegation of property of the non-resident

defendant having a situs in Spalding County, the petition was subject to general demurrer on the ground that it appeared from the allegations that the court was without jurisdiction to render a judgment in personam against defendant or in rem as against property subject to seizure by the court. The case differs from *Pendley* v. *Tumlin,* 181 *Ga.* 808 (184 S. E. 283), *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 273, 29 A. L. R. 1363), and *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (192 S. E. 191, 116 A. L. R. 257), cited by the plaintiff, in which it appeared that the situs of the property in question sought to be condemned was in the county where the suit was brought.

3. The court did not err in sustaining the motion and in dismissing the action. *Judgment affirmed. All the Justices concur.*