DECK *v.* DECK *et al.* DECK *et al. v.* DECK.

Nos. 14021, 14022. APRIL 15, 1942.

*Maddox & Griffin,* for plaintiffs.

*Wright & Willingham* and *Rosser & Rosser,* for defendant.

GRICE, Justice. The two cases can be disposed of in one opinion. The respective parties will be referred to as they are designated in the trial court.

Four of the plaintiffs together with the defendant are the five children who survived Alice A. Deck. Another child survived her, but died subsequently, and the remaining plaintiff is the only child of the last-named child.

A recital in a deed that said property was sold and conveyed "unto the said Alice A. Deck for and during her natural life, with remainder over at her decease to the heirs of her body," conveyed a life-estate to Alice A. Deck and a remainder to the children living at her death. *Ford* v. *Cook,* 73 *Ga.* 215; *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712); *Tate* v. *Tate,* 160 *Ga.* 449 (128 S. E. 393); *Waters* v. *Donaldson,* 184 *Ga.* 450 (2) (191 S. E. 429). The sole child of a child who died since the death of Alice A. Deck succeeded to his parent's interest under such conveyance. Code, § 85-504. While it is not expressly so admitted in the pleadings, the record shows that both the plaintiffs and the defendant claim under a common propositus. This being true, such common grantor will, for the purpose of the case, be treated as the true and original source of title, and the plaintiffs may recover by showing that such claim of title as they derived from the common source is a better claim than that exhibited by the defendant from the same source. Powell on Actions for Land, § 361. All parties claim under a decree of the superior court of Walker County, entered at the February term, 1889, reforming a deed. It was a term-time decree, and no attack thereon based on any lack of jurisdiction of the court of the subject-matter is made. The plaintiffs attack it in part on the ground that certain afterborn children were not served. The merits of this contention we find it unnecessary to decide. The parties differ as to what was decreed, the defendant insisting that the decree placed the fee-simple title in Alice A. Deck to all of lot 60 lying *north* of Cove Road. The defendant claims the land under a deed to her from Alice A. Deck, and under

the will of said Alice A. Deck, in which the defendant was named as sole beneficiary. The plaintiffs insist that under the decree title was placed in the said Alice A. Deck to "all of lot 60 lying *south* of the Cove Road." The plaintiffs sue for a five-sixths interest in the following: "All that tract or parcel of land in the 8th district and 4th section of Walker County, Georgia, described as follows: Beginning at the northwest corner at a white-oak tree at A. L. Howard's line; thence east with public road to the line of lot No. 59; thence south to the Cove road; thence west to the line of Lawrence lane; thence north to the original point. Containing one hundred (150) fifty acres, more or less, of lot of land No. 60." Both the plaintiffs and the defendant introduced proof as to what particular land was dealt with in the decree. The plaintiffs introduced in evidence the originals of the former proceedings in Walker superior court, including the original decree bearing the signature of the presiding judge. This was sufficient proof of the contents of the decree. In *Sellers* v. *Page,* 127 *Ga.* 633 (56 S. E. 1011), it was ruled: "When the record of a court in which a case is being tried is material evidence in a case, it may be proved by the production of the record itself." The defendant introduced in evidence the original minutes of Walker superior court, where this decree was recorded. This was another way of establishing the fact that the decree had been rendered.

As shown above, there was a material conflict between what was contained in the original decree as signed by the judge, and what the minutes disclosed with respect to this. If, as between the two, the original decree itself is to govern, the plaintiffs are entitled to recover. If what the minutes reveal on this subject is to outweigh what is contained in the original decree, then (waiving the attack on the service as to some of the remaindermen) the defendant is entitled to prevail. It thus becomes most material to determine what the court actually decreed; and the question presents itself whether in the trial of the instant case effect should be given to what is contained in the original decree bearing the signature of the judge, or to the original minutes of the court wherein the decree was recorded, when there is a material variance between the two. Counsel for one of the parties relies on the following line of argument: The Code, § 24-107, provides that the minutes must be read each morning by the clerk in open court; and further, that

they must be signed by the judge. And provision is made for the amendment of entries on the minutes. § 81-1201. One text-book makes the statement that while in modern courts the parchment roll is discarded, the court records still retain their character as a judicial memorial of high and supereminent authority. 7 R. C. L., 1017-1018. And in another it is stated that the acts of a court of record are known by its records alone, and that the court speaks only through its record. 14 Am. Jur. 350. In *Bowden* v. *Taylor,* 81 *Ga.* 199 (6 S. E. 277), are these words: "The only legal way to prove proceedings of the superior court is by an extract from the minutes of that court, duly certified by its clerk." "The headnote to a case, . . is so far law only as it is sustained by the judgment of the court in the case." Such is the statement of Chief Justice Lumpkin in *Denham* v. *Holeman,* 26 *Ga.* 182 (71 Am. D. 198), restated by Bleckley, C. J., in *Kinnebrew* v. *State,* 80 *Ga.* 232, 234 (5 S. E. 56). See *Frazier* v. *State,* 15 *Ga. App.* 365, 366 (83 S. E. 273); *Walker* v. *Cairo,* 31 *Ga. App.* 307 (121 S. E. 138). In *Bowden* v. *Taylor,* supra, this court was dealing with a case where in a suit in a justice's court the plaintiff offered in evidence an original order of the judge of the superior court. This was objected to on the ground that if there was such an order there should be a certified copy thereof taken from the minutes of the court; and this court held that this ground of objection was well taken. The correctness of the ruling is not to be doubted. *Belt* v. *State,* 103 *Ga.* 12 (29 S. E. 451); *Cramer* v. *Truitt,* 113 *Ga.* 967 (39 S. E. 459). An analysis of what was actually ruled in *Bowden* v. *Taylor* appears in *Odell* v. *Dozier,* 104 *Ga.* 203 (30 S. E. 813). In the opinion in the *Bowden* case appears the following: "The only legal way to prove the proceedings in the superior court is by an extract from the minutes of that court, duly certified by the clerk thereof. While it is doubtless true that the order offered in evidence bore the genuine signature of the judge who granted it, yet it was not sufficient to show that it was passed during the term of the court and made the judgment of the court. It may have been signed by the judge, and yet may not have been the judgment of the court; and, as said before, the only legal way to prove that it was a judgment of the court was an extract from the minutes of that court, duly certified by the clerk." This language must be construed with reference to what ruling was

actually before the court. While the statement made by the learned Justice in the latter part of the extract would seem to justify the position of counsel for the defendant, when read in the light of the entire case it does not support them.

The distinction should be kept in mind between the rendition of the decree and the placing of the same on the minutes; the one is judicial, the other ministerial. *Mize* v. *Harber,* 189 *Ga.* 737, 741 (8 S. E. 2d, 1). "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective result of the litigation. In the nature of things, a judgment must be rendered before it can be entered." 1 Black on Judgments (2d ed.), § 106. After further discussion the same author says: "And it follows, a fortiori, that if the entry, though attempted to be made in due form, does not correctly record the sentence of the court, or is defective or ambiguous or otherwise exceptionable, still this will not weaken the force of the judgment as a judgment." Again, in § 110 of this valuable work, the same author says: "The object of this entry is to furnish an enduring memorial and incontestable evidence of the judgment, and to fix its date for purposes of appeal or creating a lien. But, as was stated in the beginning of this chapter, this proceeding is ministerial only, and is not essential to the validity of the judgment itself. It is none the less the judgment of the court because not entered by the clerk." Another well known author states as follows: "Expressions occasionally find their way into reports and text-books, indicating that the entry is essential to the existence and force of the judgment. These expressions have escaped from their authors when writing of matters of evidence, and applying the general rule that in each case the best testimony which is capable of being produced must be received, to the exclusion of every means of proof less satisfactory and less authentic. Rendition and entry are separate acts and different in their nature. The rendition of a judgment is a judi-

cial act; its entry upon the record is merely ministerial. A judgment is not what is entered, but what is ordered and considered." Freeman on Judgments (5th ed.), § 46. Again, in § 47, he says: "The ministerial act of the clerk must be supported by a judicial act pronounced by the court in express terms, or in contemplation of law." The authorities cited by Freeman are numerous. They have been examined, and fully support the text.

In Clymer v. Cameron, 55 Miss. 593, 595, it was said: "It is only as a substitute for the original that a copy is ever admitted. The original is always the best evidence, and it is only because of the impossibility or inconvenience of producing the original that a copy is admitted in its stead in any case." It was held in Lee v. Carrollton Savings & Loan Association, 58 Md. 301, that the entry of judgment without any order or authority is void. In Davis v. Shaver, 61 N. C. 18 (Phill.) (91 Am. D. 92), it was held: "Entry of judgment is merely memorial of what the judgment was; but the judgment itself is not what may be entered, but is what is considered and delivered by the court." In Kinkel v. Chase, 102 Kan. 275 (169 Pac. 1134), it was held that "The omission of the clerk to perform the ministerial duty of recording a judgment does not destroy the judgment; nor does its validity or effect remain in abeyance until it is formally entered on the journal." In Lacoste v. Eastland, 117 Cal. 673 (49 Pac. 1046), it was ruled that a judgment entered by the clerk of court who had no authority to enter the same is void. In Platnauer v. Superior Court, 32 Cal. App. 463 (163 Pac. 237), it was held that "The actual rendition of a judgment being the judicial act, and the entry thereof merely ministerial, the latter must be supported in all vital essentials by the previous order of the court." In Berry v. Equitable Gold Mining Co., 29 Nev. 451 (91 Pac. 537), it was ruled: "A decree for a perpetual injunction entered by the clerk was void on its face, where it was unsupported either by the verdict rendered or by an order of the judge directing its entry." In Dockstader v. People, 43 Colo. 437 (97 Pac. 254), it was said: "A minute entry by a deputy clerk on the record of a criminal prosecution, without an order of court, that the jury, being unable to agree, were discharged, and that the trial was continued to the next term, was unauthorized and ineffective for any purpose." Perhaps the most emphatic language on this subject found in any of the authorities

is that used by the St. Louis Court of Appeals in Decker *v.* St. Louis & Southern Railway Co., 92 Mo. App. 50, as follows: "The clerk of a court who enters a judgment without an order from the court is guilty of a monstrous usurpation of authority, and one which might have ruinous consequences."

While not all of the foregoing decisions were on the precise issue here involved, they are all a part of a large stream of authorities flowing in the same direction, and rule in principle, that, regardless of the ministerial act of the clerk, it is the actual pronouncement made by the presiding judge that constitutes the judgment or decree, and not what is entered on the minutes. When, as here, there is a conflict between the original decree, signed by the presiding judge, and what is contained in relation thereto on the minutes of the court, the former and not the latter controls.

Counsel for the defendant in their brief ask this court to bear in mind that in case 14021 no question is involved as to whether the property was properly described in the final decree in the case filed in 1889, or as to whether there was a variance between the original decree and the minutes of the court. We can not accept this construction of the issues involved. The court in case 14021 directed a verdict against Nettie Deck; and on her motion therefor refused to grant a new trial. If under the pleadings and the evidence she was not entitled to prevail, the court did not err in denying her a new trial. Since, as pointed out above, she could not prevail unless effect be given to what appears on the minutes of the court, the natural sequence is that her right is determined by what has been ruled above.

Upon application of the foregoing principle, it follows that the judgment overruling the motion for new trial in case No. 14021 is *affirmed,* and the judgment overruling the motion in case No. 14022 is *reversed.*        *All the Justices concur.*