[Civ. No. 15081.   Second Dist., Div. Three.   Apr. 29, 1946.]

W. A. GOSSMAN et al., Respondents, v. GEORGE GOSS-MAN, Appellant.

George Gossman in pro. per., for Appellant.

Harry E. Templeton, Leonard M. Comegys and William W. Kaye for Respondents.

234

DESMOND, P. J.—On December 14, 1944, Walter Gossman, his brother, Otto, and his sister, Emma Healey, suing in her own behalf and as executrix and trustee under the will of their mother, Rosa Miller, joined as plaintiffs in filing a complaint to quiet title to various properties in which they were respectively interested. They named as defendants their brother, George Joseph Gossman, also known as Joseph G. Gossman and his wife, Jett G. Gossman. Although the record shows that service of the complaint was made upon George's wife she never answered or appeared and her default was entered on February 17, 1945.

George Gossman, appearing in propria persona, filed a demurrer in his own behalf which, on December 29, 1944, was overruled with ten days allowed to answer. On January 8, 1945, he filed an answer and counterclaim as well as a cross-complaint, to all of which demurrers were filed. Motions to strike from the answer and the cross-complaint were also filed and the demurrers and motions were placed on the calendar for January 24, 1945. At that time, Honorable Alfred E. Paonessa, sitting in the Law and Motion Department ordered off calendar both motions to strike and the demurrer to the answer and counterclaim, an amended answer and counterclaim having been filed on the preceding day, January 23d. The judge then sustained the plaintiffs' demurrer to the cross-complaint allowing ten days for amendment. Notice of the court's action and ruling was served on George Gossman under date of January 29th.

On January 30th plaintiffs filed a demurrer to the amended answer and counterclaim, which was considered by Judge Paonessa and sustained on February 5th, ten days being granted the defendant for amendment. Notice of this action was served on defendant that same day but it does not appear from the record that another amended answer was filed and twelve days later, on February 17th, default of the defendant was entered upon the formal request of plaintiffs. On February 5th defendant had filed his amended cross-complaint "but without having served same upon plaintiffs or their attorney," according to the decree of the court. On March 2d this amended cross-complaint was stricken on motion of plaintiffs. On March 13th, Honorable Emmet H. Wilson signed a decree in which the foregoing procedural matters and orders are recited, "the default of said defendant having been duly entered, and evidence having been introduced and heard in

open court, and the Court being satisfied that the allegations of the complaint are true and that the relief asked for should be granted.'' Accordingly, it was ordered, adjudged and decreed that each of the plaintiffs is respectively the owner of and entitled to possession of the property alleged in the complaint as belonging to him, to her, or to the estate of Rosa A. Miller, deceased, recognizing also the right of Mrs. Healey to have distributed to her, as trustee, the last mentioned property. It was further decreed that ''the title of the plaintiffs in and to said lands or properties herein above described is good and valid and the title of plaintiffs is adjudged to be quieted against all claims and demands of said George Gossman also known as George Joseph Gossman and Jett G. Gossman, or either of them'' etc.

A motion of defendant to set aside and vacate the judgment quieting title was denied on April 16, 1945.

Defendant has claimed an appeal from the judgment, ''from the ruling denying my motion to vacate same; . . . from the rulings or orders sustaining demurrer to and motion to strike from the ammended answer and counterclaim . . . from the orders or rulings sustaining demurrer to amended cross-complaint and motion to strike therefrom.'' He also takes ''exceptions to all such proceedings herein as may be deemed excepted to, and is claiming for the enforcement of his rights, under the Constitution and Statutes with the same force and effect as if herein set forth and repeated at length.''

So far as we can determine the only appeal that was available to the defendant in this case is provided for in section 963 Code of Civil Procedure: ''From a final judgment entered in an action, or special proceeding, commenced in a superior court. . . .'' Consequently, we disregard the other purported grounds of appeal. The record on this appeal consists solely of the clerk's transcript and in such a situation this court is limited in its determination to the questions presented by the judgment roll. (2 Cal.Jur. 690.) Since defendant failed to file a second amended answer within the time allowed a default judgment was in order under section 585, Code of Civil Procedure, unless the trial judge erred when, on February 5th, he sustained the general demurrer to the amended answer and counterclaim. While, in our opinion, the ruling was correct as to the counterclaim it was not, as to the answer, for therein the defendant ''Denies that the claims of the Defendants are without any right whatever;

alleges that he is the Official Recorded Owner of said properties.'' In a quiet title action the allegation of an answer that the defendant is the owner of the property puts in issue the material question in the case. The settlement of this issue required a trial. Having failed to further amend his answer defendant was in the position of standing upon it. By the default, which was entered after the failure to amend, he was deprived of the right to prove his title if any he had. The judgment which followed the entry of the default is hereby reversed.

Shinn, J., and Wood, J., concurred.