[Civ. No. 16478.    Second Dist., Div. Two.    June 7, 1948.]

PAUL A. BULPITT, SR., et al., Respondents,
v. F. ALFRED BLATZ, Appellant.

Leonard Wilson and Arnold L. Leader for Appellant.

Bertrand Rhine and Herbert Gall for Respondents.

McCOMB, J.—Respondents move to dismiss this appeal upon the ground that it was not taken within the time permitted by rule 3(a), Rules on Appeal (22 Cal.2d 2), and therefore that this court is without jurisdiction to entertain the same.

CHRONOLOGY

I. October 24, 1947, judgment was entered in favor of respondents.

II. October 30, 1947, respondents mailed to appellant's attorneys, whose offices were in the same city as the offices of respondent's attorneys, written notice of the entry of judgment.

III. November 7, 1947, notice of intention to move for a new trial was filed in the clerk's office by appellant.

IV. December 31, 1947, was the last day for the court to grant or deny the motion for a new trial and upon the court's failure to act, such motion was denied by operation of law.

V. February 2, 1948, notice of appeal from the judgment was filed.

This is the sole question presented for our determination:

*Had appellant's time for filing a notice of appeal from the judgment entered against him expired on February 2, 1948, the date the notice of appeal was filed?*

This question must be answered in the affirmative and is governed by the following rules:

(1) Where service is by mail, and both parties have offices in the same city, the time within which an act may be done by the adverse party is extended one day. (Code Civ. Proc., § 1013.)

(2) Where an act is required by law to be done within a specified period of time, the time is extended by the number of days equal to the number of holidays (other than special holidays) appointed by the President or Governor during such specified period. (Code Civ. Proc., § 12a (b).)

(3) In computing the time within which an act is to be done, the first day is excluded and the last day is included. (Code Civ. Proc., § 12.)

(4) Thanksgiving Day is a holiday appointed by the President of the United States or the Governor of the state. (Pol. Code, § 10.)

Applying the foregoing rules to the facts in the instant case it appears that on October 30, 1947, notice of entry of the judgment was mailed to appellant, therefore by excluding October 31, 1947 (see rules 1 and 3, *supra*), the 60-day period within which the trial court had jurisdiction to pass upon the motion for a new trial would ordinarily have expired on December 30, 1947. However, since Thanksgiving Day, a Presidential holiday (rule 4, *supra*), intervened, the time was extended one day to December 31, 1947. Under rule 3(a), Rules on Appeal, appellant had 30 days after this latter date within which to file his notice of appeal. By rule 3, *supra,* we exclude December 31, 1947, and 30 days thereafter is January 30, 1948 (Friday), the date on which appellant's time for filing a notice of appeal expired. Since the notice of appeal was not filed until February 2, 1948, it was filed too late and this court is without jurisdiction to entertain the appeal.

It is to be noted that *Shepherd* v. *Superior Court,* 54 Cal. App. 673 [202 P. 466], holding that the provisions of section 12 of the Code of Civil Procedure do not extend the time within which a motion for a new trial may be passed upon by the trial court, has been superseded by amendment to section 660 of the Code of Civil Procedure, which provides that the 60-day period within which the trial court has jurisdiction

to grant a motion for a new trial is extended in accordance with the provisions of section 12a of the Code of Civil Procedure.

*Adolph Ramish, Inc.,* v. *Behr,* 40 Cal.App.2d 54 [104 P.2d 410], cited by respondents, is not applicable to the present case since February 22, the holiday there in question, was not a holiday appointed by either the President of the United States or Governor of the State of California. While in the instant case Thanksgiving Day was appointed by the President of the United States, and thus came within the provisions of section 12a (b) of the Code of Civil Procedure.

For the foregoing reasons the motion to dismiss the appeal is granted.

Moore, P. J., and Wilson, J., concurred.