[Civ. No. 4828.   Fourth Dist.   Oct. 27, 1953.]

W. RAY MONTGOMERY, Appellant, v. J. H. NORMAN, Respondent.

Charles A. Prince and Joe Mayer for Appellant.

Tudor Gairdner for Respondent.

GRIFFIN, J.—On January 23, 1953, plaintiff filed a complaint for money claimed due on a contract which was made payable in Texas. He obtained a writ of attachment and attached certain real property of defendant. Defendant filed a motion to require security for costs and to have the writ of attachment discharged, and filed a demurrer to the complaint on February 11th. On February 18th, prior to the ruling on the demurrer, plaintiff filed an amended complaint containing an additional allegation that defendant, in California, orally agreed to pay the amount claimed. On February 25, the hearing was had on the demurrer and pending actions. The motion to quash the writ was denied without prejudice. The demurrer was sustained and plaintiff was ordered to deposit an undertaking for costs within 30 days. Some confusion arises in reference to the time given defendant to plead to the amended complaint. The rough minutes of the clerk indicate (1) that plaintiff was to post the bond "within 30 days" from February 25th; (2) "Demurrer is sustained, 10 days to plead to amended complaint." Defendant gave notice to plaintiff of the ruling on the demurrer and that the court had granted defendant Norman "10 days after notice of filing undertaking within which to plead to amended complaint." On March 10, 1953, plaintiff mailed to defendant's attorney a notice that he had filed the cost bond required. On (Sunday) March 22, 1953, plaintiff mailed to the clerk of the court a request to enter default of defendant, and on Monday, March 23, at 9 a. m. the clerk entered the default, and on March 25th, entered judgment by default. Defendant, on March 23d, mailed a demurrer to the amended complaint to the county clerk, and a copy to plaintiff. It was not until April 1, 1953, when the parties were arguing the demurrer before the

court, that defendant was apprised of the default. Thereafter, he moved to set it aside and also the judgment that followed, on the grounds that the default was prematurely entered by the clerk. Counsel for plaintiff admitted in his affidavit, on the hearing, that the court granted defendant 10 days after notice of filing the undertaking within which to answer the amended complaint, and alleges that such notice was mailed on March 10th, and was received by defendant on March 11th.

It is plaintiff's argument that on March 10th, notice of the filing of the undertaking by mail from Beverly Hills to counsel for defendant in Los Angeles was given; that the time to answer expired on March 20th, and that service by mail was complete at the time of the deposit in the post office; that defendant was therefore in default on March 23d, and that it was timely and properly entered by the clerk, citing sections 585, 1012, and 1013 of the Code of Civil Procedure and such cases as *Gossman* v. *Gossman*, 74 Cal.App.2d 233 [168 P.2d 495]; and *McDonald* v. *Lee*, 132 Cal. 252 [64 P. 250].

Defendant concedes that service may be made by mail and the service is complete at the time of deposit, but contends that section 1013, *supra*, provides that "if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, if served by different post offices, but such extension shall not exceed thirty days in all."

The claim is that by taking advantage of the extra day so allowed, the tenth day fell on March 21, 1953, which was on Saturday, a legal holiday on which the county clerk's office was closed, and since Sunday was also such a holiday defendant had all day Monday, March 23d, in which to appear (Code Civ. Proc., §§ 12, 12a, 12b); that notwithstanding this fact, the clerk erroneously entered default on that morning, which act was in excess of his power and void. The court so found and the authorities support this claim. (*Lacoste* v. *Eastland*, 117 Cal. 673 [49 P. 1046]; *Schoutens* v. *Superior Court*, 97 Cal.App.2d 855, 857 [218 P.2d 999]; *Bulpitt* v. *Blatz*, 86 Cal.App.2d 41 [194 P.2d 601].) In the Bulpitt case it was succinctly stated that "Where service is by mail, and both parties have offices in the same city, the time within

858

which an act may be done by the adverse party is extended one day.'' █ The clerk is not authorized to enter a default or a default judgment until the time for appearance has expired. If the clerk enters such a judgment without such authority the judgment is void. (*Bond* v. *Pacheco,* 30 Cal. 530; 15 Cal.Jur. p. 52, § 140.)

█ The only remaining claim is that defendant did not file an affidavit of merits in connection with his motion to set aside the default and default judgment. A judgment, void on its face, is not governed by Code of Civil Procedure, section 473. (*Stierlen* v. *Stierlen,* 18 Cal.App. 609 [124 P. 226, 228].) Such a judgment may be vacated upon motion or may be set aside by the court on its own motion. (*Stearns* v. *Aguirre,* 7 Cal. 443.) Under such circumstances no affidavit of merits is required.

Order affirmed.

Barnard, P. J., concurred.

A petition for a rehearing was denied November 20, 1953.