[Civ. No. 27948.   Second Dist., Div. Four.   April 23, 1964.]

BURL M. BUCKNER, Petitioner v. INDUSTRIAL ACCI-
DENT COMMISSION and REYNOLDS ELECTRICAL
& ENGINEERING CO., INC., Respondents.

Jack R. Berger for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Herlihy & Herlihy, E. H. Herlihy and K. A. Stoll for Respondents.

KINGSLEY, J.—On December 5, 1962, petitioner filed an application for benefits, alleging an industrial injury on July 9, 1962, in the State of Nevada, where he alleged he was then employed by Reynolds Electrical & Engineering Co. (hereinafter Reynolds), under a contract of employment entered into in California. The commission, purportedly following its rules 10750 and 10752, served copies of the application, notice of filing and notice of hearing by mail, addressed to

Reynolds at an address in Las Vegas, Nevada. In due course, an award in favor of applicant issued.[1] Thereafter, Reynolds entered a special appearance and moved to quash service and to vacate and annul all the former proceedings on the ground that there had been no personal service, that Reynolds was a foreign corporation and had not done business in California. Without a hearing, the commission granted the motion to quash and issued an order annulling the award and setting aside all of its prior actions. A petition for reconsideration was filed and denied and a petition for a writ of review was timely filed in this court.

The commission's order, herein under review, contains the statement that: "It is incumbent upon the *applicant* to ascertain whether the defendant corporation is *qualified to do business* in this state and whether service can be properly made upon the Secretary of State." (Italics added.)

In its opinion and order denying reconsideration, there appears the following language: "The Commission finds that *applicant* failed to comply with the mandatory requirements pertaining to service on a foreign corporation." (Italics added.)

Although we agree that the original service of the application and notices by mail addressed to an address outside the State of California was invalid, we think that the commission has misapprehended the present status of the case and its duties therein.

## I

While *Travelers Health Assn.* v. *Virginia* (1949) 339 U.S. 643 [70 S.Ct. 927, 94 L.Ed. 1154] seems to sustain petitioner's contention that service by mail on a foreign corporation at an address outside the state does not violate the requirements of due process of law, this does not resolve the issue before us. ■ A state may, but need not, authorize modes of service which go to the limit of its constitutional power. ■ The controlling question in this case is whether or not the Legislature of this state has authorized service by a mode such as was herein employed. We conclude that it

---

[1] In the view we take of the case in its present status, we deem it unnecessary to set out in detail the proceedings before the referees, involving *inter alia* an appearance purportedly on behalf of the Nevada Commission. We accept, also, the commission's position that the appearance at a hearing before the referee of the Claims Manager of the Nevada Commission was not an appearance on behalf of Reynolds of such a nature as to have constituted a general appearance by Reynolds in the compensation proceedings.

has not. The commission cites *Braden Copper Co.* v. *Industrial Acc. Com.* (1956) 147 Cal.App.2d 205 [305 P.2d 222]. But that case expressly reserved the point now before us, pointing out that the commission there relied solely on a contention (which the court rejected) that the foreign corporation had made a general appearance and that the commission had never passed on the question of the validity of out-of-state mail service.

We are not here concerned with the validity of service by mail, as such, but only with the more limited issue of whether or not, if the mails are used, documents of the nature herein involved may be mailed to an address outside the territorial limits of the State of California.

The manner of service of process and notices in proceedings before the commission are dealt with in several sections of the Labor Code, in sections 1010 to 1020 of the Code of Civil Procedure (incorporated by reference into sections 5316 and 5504 of the Labor Code) and by the commission's rules. However, we think that section 134 of the Labor Code controls and that it evidences a legislative intent not to authorize out-of-state service. That section reads: "The commission and each commissioner may issue writs or summons, warrants of attachment, warrants of commitment and all necessary process in proceedings for contempt, in like manner and to the same extent as courts of record. *The process issued by the commission or any commissioner shall extend to all parts of the State* and may be served by any persons authorized to serve process of courts of record or by any person designated for that purpose by the commission or any commissioner. The person executing process shall receive compensation allowed by the commission, not to exceed the fees prescribed by law for similar services. Such fees shall be paid in the same manner as provided herein for the fees of witnesses." (Italics added.)

Since the documents originally sent to Reynolds in Las Vegas constitute the "process" by which jurisdiction is acquired, and since section 134 authorizes service of process only in this state, we conclude that the original service was ineffective to give the commission jurisdiction.

Petitioner contends that the commission was without power to quash its original service and to vacate its actions because Reynolds had not complied with the requirements of section 473 of the Code of Civil Procedure as incorporated by reference into section 5506 of the Labor Code.

■ However, where service of process is void on its face, a tribunal has inherent power to quash the purported service and to vacate the void proceedings based thereon, and such action is not governed by section 473. (*Montgomery* v. *Norman* (1953) 120 Cal.App.2d 855, 858 [262 P.2d 360].) ■ It follows that the commission, once the invalidity of the service came to its attention, no matter in what manner, had both the power and the duty to set it aside.

## II

However, petitioner's application was duly filed. It alleges matters which, if true, entitle him to an award of compensation. He is entitled to a hearing thereon if one legally can be afforded to him.

It is clear that Reynolds contends that the contract of employment was not made in this state but in Nevada; however, this is not important at the present juncture. Petitioner's work and injury having been in Nevada, he is entitled to compensation under the California act, and at the hands of the California commission, only if his contract of employment was entered into here. (Lab. Code, § 5305.) But we are now concerned not with liability, but with jurisdiction to determine liability. While, under the cases cited below, personal jurisdiction could be secured if the employment contract was made in California, it does not follow that the existence of such a California contract of employment is essential to the existence of that jurisdiction.

■ The test for amenability of a foreign corporation to California process is not, as the language above quoted from the commission's order seems to imply, whether or not the corporation is ''qualified to do business'' in California, but whether or not it has committed ''any act or acts creating such contact with the state as to make it reasonable to require the foreign corporation to defend the particular suit which is brought, providing the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'' (*James R. Twiss, Ltd.* v. *Superior Court* (1963) 215 Cal.App.2d 247 [30 Cal.Rptr. 98]; and consult *Sims* v. *National Engineering Co.* (1963) 221 Cal.App.2d 511 [34 Cal.Rptr. 537]; *Overland Machined Products, Inc.* v. *Swing-Line, Inc.* (1964) 224 Cal.App.2d 46 [36 Cal.Rptr. 330].)

■ On the record before us, it is undisputed that, whether or not Reynolds completed an employment contract with petitioner in California, it had aggressively recruited Cali-

624

fornia residents for employment in its Nevada operation. Petitioner was contacted here, he was offered employment here, it was from California that he went to take up his work for Reynolds. These contacts with California are sufficient, under the cases cited, to subject Reynolds to California proceedings based on, and growing out of, such solicitation. That the commission may subject Reynolds to its jurisdiction is clear.

### III

■ Service on a foreign corporation may be made, within California, by service on an officer or general manager, by service on a duly authorized agent for service, or, lacking either of these, by service on the Secretary of State. (Code Civ. Proc., § 411; Corp. Code, §§ 6500, 6501.) ■ It is admitted that, before the commission had made the order herein involved, it had been advised by petitioner's counsel that Reynolds had appointed an agent for service in California. Once it had quashed the original service to proceed, it became the duty of the commission, according to its own rules of practice, to effect service on the agent of whose existence it had been advised. Petitioner, having given the commission the data necessary to effect a service, had done all that was required of him.

■ We know of no rule which prohibits double service if the efficacy of one mode is in reasonable doubt, and we are at a loss to understand why the commission, which is still in doubt as to who should be served, according to its counsel in oral argument before us, does not make a duplicate service on the Secretary of State. Reynolds may then, if it shall so elect, appear specially to question the service, or it may accept the service and, again if it shall so elect, appear and contest the application on its merits.

The order herein involved is affirmed insofar as it quashes the original service and annuls the subsequent award; it is annulled insofar as it purports to require of petitioner any additional showing as to the amenability of Reynolds Electrical & Engineering Company, Inc., to the jurisdiction of the commission or as to the person or persons within California who should be served in order to subject such company to such jurisdiction. The matter is remanded to the commission with directions to proceed to serve copies of the application, notice of filing and a notice of hearing on such company by service on the statutory agent of whose existence it has heretofore been advised and, also, if the commission shall so

desire, by service of such documents on the Secretary of State of this state.

Burke, P. J., and Jefferson, J., concurred.

Petitioner's application for rehearing was denied May 11, 1964, and his petition for a hearing by the Supreme Court was denied June 16, 1964.