[Civ. No. 33300.   Second Dist., Div. One.   May 21, 1969.]

OTTO NAGEL, Plaintiff and Appellant, v. P & M DISTRIBUTORS, INC., Defendant and Respondent.

178

Joseph Stell and Arthur S. Levine for Plaintiff and Appellant.

Franklin D. Laven and Harvey Giss for Defendant and Respondent.

LILLIE, J.—On November 2, 1965, plaintiff filed suit against defendant P & M Distributors, Inc., a New York corporation, for damages for breach of contract, monies owed, reasonable value of services and for an accounting. According to declaration of service executed by Robert H. Odenthal on November 29, 1965, defendant corporation was served by serving Ulf Ljungberg on November 29, 1965, with copy of summons and complaint pursuant to section 410, Code of Civil Procedure. No appearance having been made by defendant, plaintiff on March 10, 1966, made request for entry of default; it was denied because service had not been made "per sect 411 C.C.P." Eight months after the alleged service on November 29, 1965, Odenthal on July 22, 1966, executed another declaration of service alleging that his November 29, 1965, service was on Ljungberg as "a person authorized to receive service of process pursuant to C.C.P. SECTION 411."

It was not until two months later on October 6, 1966, another request for entry of default was made and denied; thereafter on October 17, 1966, a third request was granted based on the declaration of service dated July 22, 1966. Thus, almost a year after service was alleged to have been made on defendant, plaintiff's counsel on November 22, 1966, presented to the court attorney's statement of facts and on November 23, 1966, judgment was taken against defendant for $8,402.81. Garnishment on money owed to defendant by Hollywood Sporting Goods followed for said sum on December 14, 1966. Almost a year later defendant on December 12, 1967, moved to vacate the judgment on the ground that personal jurisdiction was lacking because there had been no service of summons or process on it. In support of the motion defendant filed affidavit of Claes Corin, president and chief executive officer of P & M Distributors, Inc., a New York corporation, asserting that it is engaged in the importing and wholesale distribution and sales of skis, ski equipment, etc.; at the time of the commencement of this action Ulf Ljungberg was engaged as a sales representative for P & M Distributors, Inc. for California and certain territory outside, was paid straight commissions on all approved sales, was an independent contractor, not an employee and also acted as sales representative for other manufacturers and distributors; and at no time was Ljungberg designated by P & M Distributors, Inc., as a person authorized to receive service of process as its agent. The opposing affidavit of plaintiff's counsel asserted that on February 17, 1967, he had a telephone conversation with counsel for defendant regarding the judgment and levy of execution. The motion was heard, and granted on the condition that an answer on the merits be filed within 10 days; within the prescribed time defendant filed its answer. Plaintiff appeals from order vacating and setting aside entry of default judgment.

A judgment or order which is void on the face of the record may be set aside by the court that made it on the ground that it is void. (*Myers* v. *Washington,* 211 Cal.App.2d 767, 771 [27 Cal.Rptr. 778] ; *Luckenbach* v. *Krempel,* 188 Cal. 175, 176-177 [204 P. 591].) " 'It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion at any time after its entry, by the court which rendered the judgment or made the order.' " (*Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851

[271 P.2d. 18]; *Craft* v. *Craft,* 49 Cal.2d 189, 191-192 [316 P.2d 345].) ■ "A judgment absolutely void upon its face may be attacked anywhere, directly or collaterally, whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither the basis nor evidence of any right whatever. . . ." (*Forbes* v. *Hyde,* 31 Cal. 342, 347; *Texas Co.* v. *Bank of America etc. Assn.,* 5 Cal.2d 35, 41 [53 P.2d 127].) ■ Thus, the fact that defendant waited 10 months after it apparently learned of the entry of judgment and the levy of execution does not preclude it from attacking the validity of the judgment by motion to vacate and set aside; when a judgment on the face of the judgment roll is void for lack of jurisdiction attack on it may be made at any time. (*Buckner* v. *Industrial Acc. Com.,* 226 Cal.App.2d 619, 623 [38 Cal.Rptr. 332]; *Montgomery* v. *Norman,* 120 Cal.App.2d 855, 858 [262 P.2d 360]; *Forbes* v. *Hyde,* 31 Cal. 342, 347.) The court has the right and power at any time to vacate a void entry of default and a void default judgment. (*Eagle Elec. Mfg. Co.* v. *Keener,* 247 Cal.App.2d 246, 250-253 [55 Cal.Rptr. 444]; *Batte* v. *Bandy,* 165 Cal.App.2d 527, 537-538 [332 P.2d 439].)

■ Examining the judgment roll (*Johnson* v. *Hays Cal. Builders, Inc.,* 60 Cal.2d 572, 576 [35 Cal.Rptr. 618, 387 P.2d 394]) herein—the summons with the affidavit or proof of service, the complaint with a memorandum indorsed thereon that defendant's default was entered, and a copy of the judgment (§ 670, subd. 1, Code Civ. Proc.)—we find that on its face the judgment is void for lack of jurisdiction over P & M Distributors, Inc. The judgment roll reveals the following: That P & M Distributors, Inc., the only named defendant, "is a corporation organized and acting under the laws of the State of New York and doing business in the State of California and elsewhere" (complaint, par. I); that Robert Odenthal first asserted that he served "P & M Distributors, Inc., by serving Ulf Ljungberg at 2940 Eastern Ave., Sacramento, Calif., Nov. 29, '65" with copy of summons and complaint "as required by Section (410 CCP)" (declaration of service dated November 29, 1965); that this declaration of service failed to show service on P & M Distributors, Inc., and the court denied plaintiff's request for entry of default based thereon; that eight months later on July 22, 1966, Robert Odenthal executed a second declaration of service in which he asserted that his November 29, 1965, service on P & M Distributors, Inc., was made "by serving

ULF LJUNGBERT [*sic*], a person authorized to receive service of process pursuant to CCP SECTION 411''; that Odenthal's second declaration of service was drafted to satisfy the requirements for entry of default, and finally almost a year from the alleged service, the third request for entry of default was granted; and that on November 23, 1966, the judgment against defendant P & M Distributors, Inc., was entered.

Section 411, Code of Civil Procedure provides that in a suit against a foreign corporation doing business in this state service upon it shall be made ''in the manner provided by sections 6500 to 6504, inclusive, of the Corporations Code.'' (Subd. 2.) ■ Service on a foreign corporation may be made within California by service on an officer—''the president or other head of the corporation, a vice president, a secretary, and an assistant secretary''—or ''general manager in this State,'' by service on ''any natural person designated by it as agent for service of process,'' or, lacking either of these, by service on the Secretary of State. (Corp. Code, §§ 6500, 6501; *Buckner* v. *Industrial Acc. Com.*, 226 Cal.App. 2d 619, 624 [38 Cal.Rptr. 332].) ■ Service of process on a foreign corporation may be made only in the manner and form authorized by statute. (*Eagle Elec. Mfg. Co.* v. *Keener*, 247 Cal.App.2d 246, 251 [55 Cal.Rptr. 444]; *Tri-State Mfg. Co.* v. *Superior Court*, 224 Cal.App.2d 442, 444 [36 Cal.Rptr. 750].)

■ According to plaintiff's second Declaration of Service Ljungberg was served, not as an officer of P & M Distributors, Inc. or as ''a general manager in this State'' or as ''a person designated by [P & M Distributors, Inc.] as an agent for the service of process'' (§ 6500, Corp. Code), but as ''a person authorized to receive service of process pursuant to CCP SECTION 411.'' Nothing before the court entering the default and the judgment alleged that Ljungberg was a ''person designated by [P & M Distributors, Inc.] as agent for service of process'' or established by or for whom Ljungberg was ''authorized'' to receive service of process, that he had been in fact ''designated'' by P & M Distributors, Inc. as its ''agent'' for the service of process, his title, official capacity, position or employment with P & M Distributors, Inc. Robert Odenthal's declaration of service without more asserts only that he served Ljungberg ''a person authorized to receive service of process pursuant to CCP SECTION 411''; this does not stand for proof that Ljungberg was a person legally subject to service under section 6500, Corporations

Code; at most it is a legal conclusion unfounded in fact. Only an oblique reference to Ljungberg appears in the record and that is, after request for entry of default was granted, in attorney's statement of facts, then only briefly, by plaintiff's counsel and not under oath. The record affirmatively reflects no service on P & M Distributors, Inc., thus the default and judgment entered and rendered on said service are void on their face for lack of jurisdiction.

In the light of the judgment roll and affidavit of Claes Corin it is apparent that in granting the motion to vacate, the court below concluded that P & M Distributors, Inc. had not been served and the court lacked jurisdiction to enter the judgment against it; and that implicit in its ruling is the finding that Ljungberg was neither a person designated by P & M Distributors, Inc., as its agent for the service of process nor its general manager in this state. (§6500, Corp. Code.) Relying on *Cosper* v. *Smith & Wesson Arms Co.*, 53 Cal.2d 77 [346 P.2d 409], appellant argues that Corin's affidavit establishes Ljungberg as defendant's general manager in this state and that the order must be reversed; he points up the similarity of their positions with defendant corporation— Lookabaugh, a manufacturer's representative in California for Smith & Wesson Arms Co., and Ljungberg, a sales representative in California for P & M Distributors, Inc. Appellant's argument might be convincing were it not for the difference in the legal posture of the two cases.

In *Cosper* v. *Smith & Wesson Arms Co.*, 53 Cal.2d 77 [346 P.2d 409], Lookabaugh was served as the "agent, sales manager and manufacturer's representative for Smith and Wesson" pursuant to section 6500, Corporations Code, which constitutes delivery by hand of a copy of process against a foreign corporation to "the general manager in this State" a valid service on the corporation. (P. 79.) Under the facts of that case the Supreme Court held that Lookabaugh "is within the statutory designation—here 'the general manager of this State' for Smith and Wesson," and said at page 83: "Whether in any given case, the person served may properly be regarded as within the concept of the statute depends on the particular facts involved. (Ibid; *Milbank* v. *Standard Motor Const. Co.*, 132 Cal.App. 67, 71 [22 P.2d 271] ; *Roehl* v. *Texas Co.*, 107 Cal.App. 691, 704 [291 P. 255].)" In the case at bench Ljungberg allegedly was served as "a person authorized to receive service of process pursuant to CCP SECTION 411." Under the particular facts of this case the court below

did not find him to be either a person designated by P & M Distributors, Inc. as agent for service of process or the general manager in this state.

In *Cosper,* Smith and Wesson in fact had been apprised of the service on Lookabaugh, for the corporation appeared specially and moved to quash the service on the grounds that it was not doing business in California and maintained no agent here upon whom process might be served; the appeal was from the order granting the motion to quash. Thus significant is this statement, ''The second consideration in testing the validity of service under section 6500 of the Corporations Code is whether the person served is within the statutory designation—here 'the general manager in this State' for Smith and Wesson. In this regard, it has been said that 'every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made,' and by service on such an agent, 'the requirement of the statute is answered.' (*Eclipse Fuel Eng. Co.* v. *Superior Court, supra,* 148 Cal.App.2d 736, 746 [307 P.2d 739].)'' (53 Cal.2d at p. 83.) Obviously the corporation having specially appeared to quash service, Smith and Wesson had been apprised by Lookabaugh of service of process; thus the court held that it reasonably appeared that Lookabaugh as a manufacturer's representative would have ample contact with Smith and Wesson and would be of sufficient character and rank to make it reasonably certain that Smith and Wesson would be apprised of the service of process. Quite different is the legal posture of the instant case. ▮ On the record before us we are entitled to assume, as no doubt did the court below, that prior to the levy of execution P & M Distributors, Inc., had not been apprised by Ljungberg or anyone else of the service of process on Ljungberg. No appearance of any kind was made by P & M Distributors, Inc., and a default was entered and judgment taken against it. It was not until after the entry of judgment and levy of execution that P & M Distributors, Inc., responded (declaration of Joseph Stell). Thus, under ''the particular facts involved'' it was reasonable for the court below to conclude that Ljungberg, who had never been designated by P & M Distributors, Inc., as a person authorized to receive service of process as its agent (affidavit of Corin), and who was not an employee of P & M Distributors, Inc., but an independent contractor acting as its sales representative for California and part of Nevada, as well as

for other manufacturers and distributors, and paid a straight commission on all approved sales, may not be properly regarded as one "within the concept of the statute" and as of "sufficient character and rank to make it reasonably certain" that P & M Distributors, Inc., would be apprised of the service of process. The fact is that the corporation was not so apprised. Further, on its motion to vacate and set aside the judgment, P & M Distributors, Inc., did not deny it was doing business in California, only that it had not been served. Neither before the court below nor on this appeal has it challenged the proposition that it was doing business in California or that the trial should be at a forum convenient to plaintiff; and in moving to set aside the judgment, P & M Distributors, Inc., sought its day in court and was willing to and did submit to the jurisdiction of the court by filing its answer, on the merits. It contends solely that it is entitled to notice and a trial on the merits. In *Cosper*, plaintiff was a police officer who had purchased a revolver in California manufactured by Smith and Wesson, Inc., a Massachusetts corporation; the cylinder of the revolver exploded during target practice causing the permanent loss of vision of his right eye. The suit was one for personal injuries against Smith and Wesson. Smith and Wesson was unwilling to submit to the jurisdiction of the court and claimed that it was not doing business in California and that it maintained no agent for the service of process. The Supreme Court held that Smith and Wesson had sufficient contact with this state to render it amenable to service of process and said, "It further appears that the gun which exploded was sold in this state, the accident occurred in this state, the plaintiff is a resident of this state, and many of the witnesses who will probably be called at the trial are present in this state. Therefore, in view of all of the facts, we deem it not inconsistent with 'traditonal notions of fair play and substantial justice' to subject the defendant Smith and Wesson to the jurisdiction of the courts of this state in this action." (P. 83.) The fate that befell Smith and Wesson Arms Co. by virtue of the holding in that case is that which P & M Distributors, Inc., here seeks—a trial on the merits.

■ Before the court below were two declarations of service, the last of which, executed eight months after the alleged service, was, to say the least, questionable having obviously been drafted to satisfy the requirements for entry of default to allege the conclusion that Ljungberg was served

as a person "authorized" to receive service of process pursuant to section 411, Code of Civil Procedure. Nothing established that Ljungberg was "designated" as an "agent" by P & M Distributors, Inc., for the purpose of receiving service of process. Also before the court were the record from which it is reasonably certain that P & M Distributors, Inc., had not been apprised of the service on Ljungberg, entry of default and judgment rendered against P & M Distributors, Inc., affidavit of the president of defendant corporation asserting Ljungberg's relation to P & M Distributors, Inc., and the claim of P & M Distributors, Inc., that it should be given its day in court on a trial on the merits. In the light of the foregoing the court granted the motion on the condition that an answer on the merits be filed within ten days. We will not interfere with the court's ruling or the findings implicit therein.

The order is affirmed.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied June 17, 1969, and appellant's petition for a hearing by the Supreme Court was denied July 16, 1969.